UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARL D. WELLS,

                Plaintiff,

     -against-

JOHN/JANE DOE,

                Defendants.

23-CV-1225 (LTS)

ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD BE PERMITTED TO PROCEED WITH THIS ACTION

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Carl D. Wells, who is currently incarcerated in Green Haven Correctional Facility, is barred from filing any new action *in forma pauperis* ("IFP"), that is, without prepayment of fees, while he is a prisoner. *See Wells v. NYC Health and Hosp. Corp.*, ECF 1:12-CV-5858, 54 (S.D.N.Y. June 20, 2013) (listing cases). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

      In 2021, Plaintiff filed a petition under 28 U.S.C. § 2254, seeking relief from his New York County conviction; his request for *habeas* relief was denied without prejudice to his filing a new petition after he has exhausted his state-court remedies. *See Wells v. Miller*, ECF 1:21-CV-11231, 82 (S.D.N.Y. Mar. 27, 2023). In that action before the Honorable Lewis J. Liman, Plaintiff submitted a letter dated October 8, 2022, raising claims regarding his medical treatment at Green Haven Correctional Facility. By order dated December 23, 2022, Judge Liman directed the Clerk of Court to open Plaintiff's letter as a new civil action. ECF 1:21-CV-11231, 63. On

February 14, 2023, the Clerk of Court opened Plaintiff's letter as a new civil action and assigned docket number 23-CV-1225.

In his October 8, 2022, letter Plaintiff complains about medical treatment "since June of 2019." (ECF No. 1 at 1). Because Plaintiff is barred from filing any new action IFP unless he is in imminent danger of serious physical injury,[1] it does not appear that Plaintiff should be permitted to proceed IFP in this action.

The Court therefore directs Plaintiff, within 30 days of the date of this order, to either show cause that he is in imminent danger of serious physical injury or pay the $402.00 in filing fees required to file an action in this court.[2] If Plaintiff pays the filing fees, the complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## CONCLUSION

Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

[3] The court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court directs Plaintiff, to **either** show cause that he is in imminent danger of serious physical injury **or** pay the $402.00 in filing fees required to file an action in this court.[4] Such action must be taken **within 30 days** of the date of this order. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 5, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[4] The attached declaration is provided should Plaintiff decide to show cause that he is in imminent danger of serious physical injury.

If Plaintiff pays the $402.00 in filing fees, the Court advises Plaintiff that the filing fees must be paid by certified check or money order, payable to: Clerk of Court – SDNY, and can be mailed to: Cashiers Unit – Room 260, 500 Pearl Street, New York, NY 10007. Any certified check or money order must include Plaintiff's case number, 23-CV-1225 (LTS). Payment can also be made by major credit card or cash (if the payment is made in person). Personal checks are not accepted.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address | City State Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |