UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL D. WELLS,

                Plaintiff,

      -against-

JOHN/JANE DOE,

                Defendants.

23-CV-1225 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR IFP APPLICATION AND PRISONER AUTHORIZATION

By LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at Green Haven Correctional Facility ("Green Haven"), brings this action *pro se*.[1] To proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization.[2] *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner

---

[1] In 2021, Plaintiff filed a petition under 28 U.S.C. § 2254, seeking relief from his New York County conviction; his request for *habeas* relief was denied without prejudice to his filing a new petition after he has exhausted his state-court remedies. *See Wells v. Miller*, ECF 1:21-CV-11231, 82 (S.D.N.Y. Mar. 27, 2023). In that action before the Honorable Lewis J. Liman, Plaintiff submitted a letter dated October 8, 2022, raising claims regarding his medical treatment at Green Haven Correctional Facility. By order dated December 23, 2022, Judge Liman directed the Clerk of Court to open Plaintiff's letter as a new civil action. ECF 1:21-CV-11231, 63. On February 14, 2023, the Clerk of Court opened Plaintiff's letter as a new civil action and assigned docket number 23-CV-1225.

[2] Plaintiff is barred from filing any new action IFP unless he is in imminent danger of serious physical injury. *See Wells v. NYC Health and Hosp. Corp.*, ECF 1:12-CV-5858, 54 (S.D.N.Y. June 20, 2013).

authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[3] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

By order dated July 5, 2023, the Court directed Plaintiff, within 30 days of the date of that order, to either show cause that he is in imminent danger of serious physical injury or pay the $402.00 in filing fees required to file an action in this court. Plaintiff filed a declaration (ECF No. 9) in response to that order, alleging that he is suffering from serious medical issues that require immediate medical treatment, but he has not paid the filing fees or submitted a completed IFP application and prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit the attached IFP application and prisoner authorization. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 23-CV-1225 (LTS).[4]

No summons shall issue at this time. If Plaintiff complies with this order, the court will determine whether Plaintiff meets the imminent danger standard, and if the court determines that he does meet the standard, the court will grant Plaintiff's request to proceed IFP. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[3] The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[4] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and he must pay the filing fees at the time of filing any new action.

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    July 20, 2023
           New York, New York

                                           /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                    Chief United States District Judge